UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:14-CV-1287 CAS |
| ) | |
| INNOVATIVE CONCRETE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion for Summary Judgment. Defendant Innovative Concrete, LLC ("defendant") has not responded to the motion and the time to do so has passed. This is an action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, in which plaintiffs seek to collect contributions, liquidated damages, court costs and attorneys' fees they claim are owed by defendant to the Cement Masons Local 527 Pension, Welfare (Trust) and Vacation Funds, pursuant to the terms of a collective bargaining agreement and Employer Report of Hours Worked forms submitted by defendant without accompanying payment.

**I. Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as

a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).  Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II.  Facts

With the foregoing standard in mind, the Court adopts plaintiffs' Statement of Undisputed Facts, as the same are supported by the record and are deemed admitted because defendant did not controvert them.  See E.D. Mo. Local Rule 4.01(E).

The plaintiff Cement Masons Pension, Welfare and Vacation Funds are employee benefit funds.  The Trustees of these funds are plaintiffs Kurt E. Dierkes, C. Keith Thompson, Dennis Frenzel, Sr., Dirk G. Elsperman, Bob Hawkins, Leonard Ehlmann, Bill Kroeger and Brad Campbell.  (Affidavit of Kurt E. Dierkes, ¶ 2.)

Defendant Innovative Concrete, LLC ("Innovative Concrete") is party to a collective bargaining agreement with Cement Masons Local 527 effective until 2016.  A copy of the full agreement is attached as Exhibit 1 to the Dierkes Affidavit.  A copy of the signature page of this

2

agreement, executed by Innovative Concrete on April 30, 2013, is attached as Exhibit 2 to the Dierkes Affidavit.

The collective bargaining agreement requires employers to make contributions and file reports to the Cement Masons Local 527 Pension, Welfare, Vacation and Training Funds based on each hour worked by the employer's employees. The agreement provides for the payment of ten percent (10%) liquidated damages and six percent (6%) interest on delinquent contributions. The agreement also requires delinquent employers to pay the Funds' attorneys' fees and collection costs. (Dierkes Aff., ¶ 4.)

Innovative Concrete has submitted its contribution reports without payment for the period of January 2014 through September 2014. Copies of these reports are attached as Exhibit 3 to the Dierkes Affidavit. After correcting certain computational errors in the reports, the reports reflect that the following amounts are owed:

| | |
|---|---|
| Pension - | $2,995.38 |
| Welfare - | $2,717.18 |
| Vacation - | $ 448.13 |
| Site - | $ 114.72 |
| International Dues - | $ 164.14 |
| Hourly Dues - | $ 370.55 |
| Total - | $6,810.10 |

(Dierkes Aff., ¶ 5.)

The 10% liquidated damages on the Pension, Welfare and Vacation amounts equals $616.07. (Dierkes Aff., ¶ 6.)

Plaintiffs have incurred $495.00 in attorneys' fees and $558.29 in court costs, for a total of $1,053.29. (Affidavit of Greg A. Campbell.)

**III. Discussion**

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Thus, this provision entitles the fiduciary plaintiffs to unpaid contributions, liquidated damages, costs, and attorneys' fees, in addition to these items being required by the terms of the collective bargaining agreement.

Plaintiffs have established that defendant is in default on amounts due under ERISA § 502(g)(2) and the collective bargaining agreement for principal amounts, liquidated damages, attorneys' fees and costs. Plaintiffs are clearly entitled to recover these amounts. See Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539, 547 (1988) ("The special remedy against employers who are delinquent in meeting their contractual

obligations that is created by § 502(g)(2) includes a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as attorney's fees and costs.).

The total amount sought by plaintiffs is $6,810.10 in contributions and union dues, $616.07 in liquidated damages, $495.00 in attorneys' fees, and $558.29 in court costs, for a total amount of $8,479.46. Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for fees is reasonable.

**IV. Conclusion**

For the foregoing reasons, plaintiffs have established there is no genuine dispute as to any material fact and that they are entitled to a judgment as a matter of law in the total amount of $8,479.46.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion For Summary Judgment is **GRANTED**. [Doc. 11]

An appropriate judgment will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of April, 2015.